VIRGINIA:   IN THE CIRCUIT COURT FOR THE COUNTY OF YORK

KAREN PRESCOTT

AND

WILLIAM PRESCOTT,

          Plaintiffs,

v.                                 CASE NUMBER: 11-4177

JOY WADE

AND

KIMBERLY IRVINE,

          Defendants.

Serve:    Joy Wade
            301 Goodwin Neck Road
            York County, VA 23692

            Kimberly Irvine
            301 Godowin Neck Road
            York County, VA 23692

## COMPLAINT

Plaintiffs, Karen Prescott and William Prescott, complaining of the Defendants by their attorneys, Kevin P. Shea and Christina E. James, allege as follows:

1. This action brought by the Plaintiffs against the Defendants who, in their individual and representative capacities, illegally caused Karen Prescott and William Prescott to be maliciously prosecuted by the York/Poquoson Department of Social Services, the Commonwealth Attorney's Office for York County, the City of Poquoson, and the United States Navy.

2. The Plaintiffs in this action seek money damages for violation of their rights, privileges and immunities secured under the Eighty, Fifth, and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983.

1

3. That on the evening of June 7, 2009, at approximately 6:00 pm, William Prescott was riding his 14-month-old twin daughters at a slow speed on a 4 wheeler on his property when Katherine Prescott accidentally slid down and burned her shin area.

4. That Karen Prescott, who was first aid certified by the US government, applied first aid treatment to the wound.

5. That on June 8, 2009, at approximately 3:45 pm, Karen Prescott took the child to the doctor for follow up treatment.

6. That on June 8, 2009, Poquoson Police Department took a report and pictures of the child's wound and York/Poquoson Department of Social Services called the home to make contact.

7. That on August 5, 2009, Department of Social Services found William Prescott guilty of Medical Neglect Level 2 and Physical Neglect Level 2 and Karen Prescott was founded to be Medical Neglect Level 2.

8. After Child Protective Services found the Prescott family guilty, Joy Wade contacted Ms. Marche Jackson, caseworker for the Navy Family Advocacy Office and was insisting that they press charges against the Prescott family. Joy Wade stated that the Prescott family did not seek medical treatment for 24 hours, which was incorrect. Ms Wade continued to call Ms. Jackson, trying to persuade her to open a case against the family, which they finally did. The basis for this was the professional opinion of Dr. Starling, which was, based in part on inaccuracies.

9. That on August 7, 2009, the Poquoson Police Department served a warrant of arrest for the Plaintiffs at the insistence and direction of defendant, Joy Wade.

10. That Joy Wade knew it was not illegal to ride a 4-wheeler on private property, yet she told various individuals involved that it was illegal. She finally admitted at the first appeal that she knew it was not illegal. She informed the

2

Children's Hospital of the Kings Daughters child abuse team leader, Dr. Starling, that it was, in fact, illegal.

11. That on January 5, 2010, the case was appealed and the charge of Medical Neglect against Karen and William Prescott was changed to unfounded, though William Prescott's charge of Physical Neglect was upheld.

12. That on April 29, 2010, after a second appeal, William Prescott's charge of Physical Neglect was unfounded.

13. That during the first appeal Defendant Joy Wade, working under the direct supervision of Kimberly Irvine, testified she did not know the Plaintiffs were first aid certified, though it was previously written in her report that they were qualified.

14. That office notes from the plastic surgeon during a July 16, 2009 visit stated Karen Prescott treated her child adequately with first aid. Joy Wade ignored the information and forwarded it to no one.

15. That the office notes from the specialists, the plastic surgeon dated June 9, 2009, clearly states there are no problems with bleeding, anesthesia, scarring or keloid formation. All this information was readily available to the Poquoson Police Department and the York/Poquoson Child Protective Services as a copy was in the report of Joy Wade.

16. Defendants instigated and procured this prosecution of plaintiffs falsely, maliciously, with intent to injure plaintiff's reputation in the community and with full knowledge that the charges were without any reasonable or probable cause whatsoever.

17. That as a proximate result of said false, malicious, insulting, defamatory and slanderous remarks, the Plaintiffs have been greatly injured in that their credit and reputation has been brought into public disrepute among the member of their community; has been hindered in the practice of their profession; has been required to spend substantial time away from their business and to

3

expend substantial sums of money to defend against these wholly frivolous charges; has been caused much anxiety and mental anguish; and has been made the object of public scorn ridicule and humiliation.

18. As a result of the foregoing the Plaintiffs were deprived of their right to be free of malicious prosecution.

19. The foregoing actions constitute willful and wanton conduct and demonstrate such recklessness as to evince a conscious disregard for the rights of others.

WHEREFORE, Plaintiffs demand judgment against the defendants, jointly and severely, in the sum of THREE MILLION DOLLARS AND 00/100 ($3,000,000.00) compensatory damages and SEVEN HUNDRED THOUSAND DOLLARS AND 00/100 ($700,000.00) in punitive damages and their costs expended in this action, with interest accrued from the time of service on the defendant's until Judgment of this Court.

KAREN PRESCOTT and
WILLIAM PRESCOTT

By: _____
Kevin P. Shea, Esquire #08933
Christina E. James, Esquire #48414
Kevin P. Shea & Associates
34 West Queens Way
Hampton, VA 23669
(757) 727-7767
(757) 722-2484 (fax)
kevinpshea@justice.com
*Attorneys' for Plaintiffs*

4

## COMMONWEALTH OF VIRGINIA



RECEIVED
JUL 13 2012
YORK POQUOSON
SOCIAL SERVICES

## SUMMONS - CIVIL ACTION      Case No. CL11004177-00

YORK COUNTY CIRCUIT COURT

300 BALLARD STREET YORKTOWN, VIRGINIA 23690
ADDRESS

TO:

**KIMBERLY IRVINE**

**301 GOODWIN NECK ROAD**

**YORKTOWN, VA 23692**

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

| AUGUST 3, 2011 | LYNN S. MENDIBUR | Clerk |
| DATE | |
| | by _Melaney Thomas_ |
| | DEPUTY CLERK |

FORM CC-1400 PDF (MASTER) 1/06
RULE 3:5, VA CODE §§ 8.01-2

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF YORK

KAREN PRESCOTT AND WILLIAM
PRESCOTT,

    Plaintiff,

v.                                    Case No. CL11-4177

JOY WADE AND KIMBERLY IRVINE,

    Defendant.

### DEMURRER AND PLEA IN BAR

    NOW COME the defendants, Joy Wade and Kimberly Irvine, by counsel, and pursuant to Va. Code § 8.01-273, hereby file this Demurrer and Plea in Bar to the Complaint filed against them for the following reasons:

    1.    To the extent the plaintiffs are attempting to assert a claim for defamation, they have failed to state a claim upon which relief can be granted for defamation in the Complaint, and have not alleged sufficient facts to establish a viable cause of action. Moreover, any claim for defamation is barred by the statute of limitations.

    2.    The plaintiffs allege that they were injured in their "credit and reputation" in the community as a result of "defamatory and slanderous remarks." (Complaint, ¶ 17). The Complaint, however, does not set forth the alleged defamatory statements. Under Virginia law, defamation must be set out *in haec verba*. *Federal Land Bank of Baltimore, v. Birchfield*, 173 Va. 200, 215 (1939). "Words equivalent or of similar import" to an alleged statement "are not sufficient" to state a cause of action. *Id*; *Gibson v. Boy Scouts of America*, 360 F.Supp.2d 776, 782 (E.D. Va. 2005), *aff'd* 163 Fed. Appx. 206 (4th Cir. 2006); *Vizi v. Dulles Orthopaedic Group, P.C.*, 63 Va. Cir. 158 (Loudoun 2003) (sustaining demurrer because the complaint did

not allege the exact words spoken, but instead generically set out the allegations of larceny). Accordingly, because the plaintiffs have not alleged the statements that they contend are defamatory, the demurrer must be sustained and this cause of action should be dismissed.

3. Furthermore, all actions for defamation must be brought within one year from the time the alleged defamatory statement was published. Virginia Code § 8.01-247.1. Here, the last operative date alleged in the Complaint is April 29, 2010, the date that William Prescott's charge of Physical Neglect was determined unfounded on appeal. (Complaint, ¶ 12). The Complaint was not filed, however, until August 2, 2011, more than one year after this date. Accordingly, any claims for defamation are barred by the statute of limitations and the defendants' Plea in Bar should be sustained.

WHEREFORE, defendants respectfully request that this Court sustain the Demurrer and Plea in Bar, and dismiss plaintiffs' defamation cause of action with prejudice, and award defendants their costs and attorney's fees.

JOY WADE AND KIMBERLY IRVINE

By Counsel

_____
David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
M. Scott Fisher, Jr. (VSB No. 78485)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile

2

## **CERTIFICATE**

I hereby certify that a true copy of the foregoing was mailed this 3rd day of August, 2012 to:

    Kevin P. Shea, Esq.
    Kevin P. Shea & Associates
    34 West Queens Way
    Hampton, VA 23669

_____
Jeremy D. Capps