VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF YORK

KAREN PRESCOTT and
WILLIAM PRESCOTT,

    Plaintiffs,

v.                          Case No. CL11-4177

JOY WADE and
KIMBERLY IRVINE,

    Defendants.

## ANSWER

NOW COME the defendants, Joy Wade ("Wade") and Kimberly Irvine ("Irvine") (collectively, "the defendants"), by counsel, and for their Answer to the Complaint filed against them state as follows:

1. The defendants deny the allegations contained in paragraph 1 of the Complaint.

2. The allegations contained in paragraph 2 of the Complaint are statements of law, requiring no response from these defendants; however, to the extent a response is required, the allegations are denied, and the defendants specifically deny that the plaintiffs' constitutional rights were violated in any way.

3. In response to the allegations contained in paragraph 3 of the Complaint, the defendants admit that William Prescott rode his 14-month old twin daughters on a 4 wheeler on his property on June 7, 2009, and that his daughter's leg was burned in several locations; however, they are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in that paragraph and therefore deny them.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and therefore deny them.

5. The defendants admit that the child was taken to the doctor on June 8, 2009, but deny the remaining allegations in contained in paragraph 5 of the Complaint in the manner and form alleged.

6. The defendants admit the allegations contained in paragraph 6 of the Complaint.

7. The defendants admit the allegations contained in paragraph 7 of the Complaint.

8. In response to the allegations contained in paragraph 8 of the Complaint, the defendants admit that Wade contacted Ms. Marshe Jackson pursuant to the Memorandum of Understanding between the Department of the Air Force Headquarters First Fighter Wing, Langley Air Force Base, Virginia and the York/Poquoson Department of Social Services; however, the defendants deny the remaining allegations contained in the first sentence of paragraph 8. Answering further, the defendants deny the allegations contained in the second sentence of paragraph 8 of the Complaint as stated. Answering further, the defendants admit that Wade called Ms. Jackson more than once; however the defendants aver that she did so pursuant to the Memorandum of Understanding; and the defendants deny the remaining allegations contained in the third sentence of paragraph 8 of the Complaint. Answering further, the defendants admit that Dr. Starling rendered a professional opinion in this matter; however, the defendants deny the remaining allegations contained in the fourth sentence of paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, the defendants are without knowledge regarding the service of a warrant by the Poquoson Police Department; however, the

defendants deny that any warrant served was done at the insistence and direction of Defendant Joy Wade.

10. The defendants deny the allegations contained in paragraph 10 of the Complaint as stated.

11. In response to the allegations contained in paragraph 11 of the Complaint, the defendants admit that Defendant Irvine heard the appeal of the initial charge and that Defendant Irvine ruled as indicated in paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, the defendants admit that the remaining charge against William Prescott was determined to be unfounded after an appeal on April 29, 2010 by the State Department of Social Services.

13. In response to the allegations contained in paragraph 13 of the Complaint, the defendants deny that Wade worked under the direct supervision of Irvine; answering further, the defendants admit that Wade was told by the plaintiffs that they were first aid certified, although no documentation was provided at the time of the initial finding. The defendants deny the remaining allegations contained in Paragraph 13 of the Complaint as stated.

14. In response to the allegations contained in paragraph 14 of the Complaint, the defendants aver that the July 16, 2009 note from the plastic surgeon speaks for itself and that the note at some point in time was received by Wade; however, the defendants deny the remaining allegations contained in paragraph 14 of the Complaint as stated.

15. In response to the allegations contained in paragraph 15 of the Complaint, the defendants admit that there is a June 9, 2009 report from a plastic surgeon in the file, and the defendants aver that the report speaks for itself; answering further, the defendants deny the remaining allegations contained in paragraph 15 of the Complaint as stated.

16. The defendants deny the allegations contained in paragraph 16 of the Complaint.

17. The defendants deny the allegations contained in paragraph 17 of the Complaint.

18. The defendants deny the allegations contained in paragraph 18 of the Complaint.

19. The defendants deny the allegations contained in paragraph 19 of the Complaint.

20. The defendants deny each and every allegation contained in the Complaint not specifically admitted herein.

21. The defendants deny they are indebted to the plaintiffs in the amount claimed or any amount, for the reasons stated or for any other reason.

22. The defendants aver that the plaintiffs have failed to state a cause of action in the Complaint, because the allegations in the Complaint are not sufficiently alleged to state a cause of action.

23. The defendants aver that, to the extent the plaintiffs are attempting to state a cause of action for defamation, any claim for defamation is barred by the statute of limitations.

24. Defendant Irvine avers the defense of absolute judicial immunity for her role in deciding the appeal filed by the plaintiffs during the administrative process, and that immunity is absolute and bars all of the plaintiffs' claims, both state and federal.

25. Defendants aver that they are absolutely immune from the claims in plaintiff's Complaint pursuant to Va. Code § 63.2-1509(c) and § 63.2-1512.

26. The defendants aver that they are entitled to the defense of qualified immunity from any and all federal claims alleged in the Complaint, which immunity is a complete bar to the plaintiffs' federal claims.

4

27. The defendants aver that they are entitled to the defense of sovereign immunity and state court good faith immunity as a complete bar to all of the plaintiffs' state law claims, both for malicious prosecution and for defamation.

28. Defendants aver that, to the extent shown by the evidence, plaintiff's claims are barred by the statute of limitations.

29. Defendants aver that their conduot, at all times referenced in the Complaint was in good faith and that good faith conduct is a defense to the plaintiff's claims.

30. Defendants aver that they acted lawfully and with legal justification at all times referenced in the Complaint.

31. Defendants aver that any and all actions taken by them were performed pursuant to legal obligations that required and/or permitted them to carry out their duties. All actions taken were with probable cause and were reasonable, necessary and justified under the circumstances.

32. To the extent that the Plaintiffs are attempting to assert an "official capacity" claim against the defendants by suing them in their "representative capacity", such claims are barred by the 11th Amendment.

33. The imposition of punitive or exemplary damages against the defendants would violate their constitutional rights under the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the Excessive Fines clause in the Eighth Amendment to the Constitution of the United States, the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, and similar provisions, including Article I, Section 9 and Article I, Section 11 of the Constitution of Virginia, in the circumstances of this litigation, including but not limited to:

a. imposition of such punitive damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages award, (2) is not adequately and clearly instructed on the limits of punitive damages imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the national origin or wealth of the defendants, (4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible, and (5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

b. imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

c. imposition of such punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d. imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of the defendants has been found on the merits;

e. imposition of such punitive damages, and determination of the amount of an award thereof, under any state's law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; and/or

f. imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than defendants' conduct in connection with the ownership

of the dog as alleged in this litigation, or in any other way subjecting defendants to impermissible multiple punishment for the same alleged wrong.

34. The defendants will rely on all other properly provable affirmative defenses to this action which are revealed through investigation, discovery or at trial and reserve the right to amend this Answer to include those defenses.

WHEREFORE, Defendants Joy Wade and Kimberly Irvine move the Court for judgment in their favor, for their costs expended and for such other and further relief as the Court deems proper.

Trial by jury is demanded.

JOY WADE AND KIMBERLY IRVINE

By Counsel

_____
David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
M. Scott Fisher, Jr. (VSB No. 78485)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile

## CERTIFICATE

I hereby certify that a true copy of the foregoing was mailed this 3rd day of August 2012 to:

        Kevin P. Shea, Esq.
        Kevin P. Shea & Associates
        34 West Queens Way
        Hampton, VA 23669

_____
Jeremy D. Capps